JUDGMENT: Judgment affirmed
ATTORNEYS:
 OPINION
Appellant, Deeno Parlapiano appeals a judgment of the Common Pleas Court of Auglaize County adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On the evening of February 16, 1998 Appellant was visited at his apartment in Waynesfield by three women, Kim Bradley, then age eighteen (18), Angela Harris, then age sixteen (16), and Donna Cobb, then age fifteen (15). Appellant was thirty eight (38) years old at the time. Kim, who has a history of sexual relations with Appellant, brought her friends over because they were looking for a place to consume alcoholic beverages and party. All of the women had been drinking prior to arriving at Appellant's apartment.
Shortly after arriving at Appellant's apartment, Kim drove Appellant and her friends to Lima where Kim purchased alcohol at a state liquor store. On the way back to the apartment, Kim stopped at a gas station in Waynesfield where Appellant also purchased alcoholic beverages. That evening, Kim and her friends spent several hours drinking with Appellant at his apartment. Sometime during that evening, however, Kim and Angela left for a period of time, leaving Appellant and Donna alone at Appellant's apartment. Appellant admitted that during this period of time he fondled Donna and performed oral sex on her.
Appellant was indicted on one count of corruption of a minor pursuant to R.C. 2907.04(A), a fourth degree felony. He subsequently pleaded guilty to an amended charge of attempted corruption of a minor pursuant to R.C. 2923.02(A) and R.C.2907.04(A), a fifth degree felony. Thereafter, in accordance with R.C. 2950.09(B)(1), the trial court ordered a hearing to determine if Appellant is a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." See R.C.2950.01(E).
After considering the evidence and the relevant factors contained in R.C. 2950.09(B)(2), the court determined, by clear and convincing evidence, that Appellant is a sexual predator.
Thereafter, Appellant was sentenced to five (5) years of community control sanctions including, among others, that he successfully completes the alcohol and drug rehabilitation program at the W.O.R.T.H. Center in Lima. Appellant now appeals the judgment of the trial court, assigning two errors for our review.
 Assignment of error No. 1 The sexual predator statute, Ohio Revised Code Chapter 2950, violates the defendant's rights to privacy, property and liberty as guaranteed by Article I, Section 1 of the Ohio Constitution.
In 1997, H.B. 180, also known as Megan's law, established a new classification, registration, and community notification system for sex offenders. State v. Cook, 83 Ohio St.3d 404, 407. House Bill 180 is currently codified in R.C. Chapter 2950. Under this new system, sex offenders must first be classified as: 1) sexually oriented offenders; 2) habitual sex offenders; or 3) sexual predators. Id. at 407; R.C. 2950.09. The sex offenders' classification status determines the length and nature of the registration requirements, and whether the community notification requirements are applicable.
R.C. Chapter 2950 is an exercise of the State's police powers, its purpose being to "promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems." Cook, 83 Ohio St.3d at 417. Appellant, however, argues that the registration and community notification requirements of R.C. Chapter 2950 violate Article I, Section 1 of the Ohio Constitution, which guarantees that every person has "inalienable rights under natural law which cannot be unduly restricted by government."
In support of his argument, Appellant cites Benjamin v. Columbus (1957), 167 Ohio St. 103. In Benjamin, the Court stated that a legislative exercise of police power is valid "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." Id. at 110. Appellant argues that in Cook, the Court held only that R.C. Chapter 2950 does not violate the ex post facto or the retroactivity clauses of the U.S. or Ohio Constitutions, and never addressed the second prong of the test in Benjamin with respect to whether it violates Article I, Section 1 of the Ohio Constitution.
Appellant urges this court to adopt the reasoning in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, where the Eleventh District Court of Appeals held that R.C. Chapter 2950 violates Article I, Section 1 of the Ohio Constitution. Because we feel the Court in Cook addressed the constitutionality of R.C. Chapter 2950, we decline to follow the reasoning in Williams.
In addressing the issue of whether the registration and community notification provisions constitute an affirmative disability or restraint, the Supreme Court of Ohio determined that "the inconvenience of registration is a de minimis administrative requirement." Cook, 83 Ohio St.3d at 418. With respect to the community notification requirements, the Court pointed out that the burden of dissemination of the information falls not on the defendant, but upon law enforcement, and that while the information could be embarrassing to a defendant, "the importance of public access prevails over the detrimental effect that the release of derogatory information may have on a defendant." Id., at 419.
Although only dicta, the Court in Cook forcefully stated that the registration, address verification, and community notification requirements of R.C. Chapter 2950, are constitutional. In doing so, the Court balanced the interests of the public against the well being and reputation of sex offenders. We find the Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. Chapter 2950 is constitutional in its entirety. Therefore, we hold that R.C. Chapter 2950 does not violate Article I, Section 1 of the Ohio Constitution.
Accordingly, Appellant's first assignment of error is not well taken and is overruled.
Assignment of Error No. 2
 The court erred in finding the defendant to be a sexual predator.
Appellant argues that the evidence reviewed below is insufficient to establish, by clear and convincing evidence, that he is a sexual predator. R.C. 2950.09(C)(2) provides that a trial court's finding that an offender is a sexual predator should be supported by clear and convincing evidence, which is defined as:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof. Schiebel, 55 Ohio St.3d at 74.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, the following:
(a)The offender's age;
 (b)The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c)The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d)Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e)Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f)If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g)Any mental illness or mental disability of the offender;
 (h)The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i)Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j)Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)
Initially, we must point out that the plain language of the statute provides that the list of factors contained in R.C.2950.09(B)(2) is certainly not exhaustive. In that light, the trial court properly noted the following evidence. Appellant was thirty eight (38) years of age at the time of the incident, while the victim was only fifteen (15), resulting in a substantial age discrepancy. The pre-sentence investigation established that Appellant knew that the girls were minors, and knew that they were intoxicated when they first visited his apartment.
The trial court also found that Appellant has a substantial criminal record that includes "some domestic violence issues and a long history of violating laws relating to alcohol." Transcript, p. 81. Appellant was living above a bar at the time of the incident and had a history of engaging in conduct with young women that he knew were under drinking age and permitting their consumption of alcoholic beverages in his apartment. In addition, Appellant testified that on numerous occasions he and other patrons of the bar had sexual relations with Kim Bradley, then age eighteen (18), a young woman that regularly frequented Appellant's apartment.
The trial court also noted the testimony of Maureen Sargeant, a clinical counselor who examined Appellant. On direct examination by defense counsel, Mark Weller, Ms. Sargeant testified as follows:
 Q Okay. Then let me ask you this. Based on your evaluation of Deeno Parliapiano do you find him to be a high risk offender?
* * *
 Ms. Sargeant: Based on the history that I have about Deeno Parliapiano and the interview that I had with him I would consider him not high risk to re-offend. I would consider him high risk for chemical, — relapsing into chemical addiction which makes him high risk to get into other criminal type behaviors.
Transcript, p. 50.
The trial court determined that Appellant is a sexual predator based largely upon Appellant's history of alcohol related offenses, and Ms. Sargeant's testimony that Appellant's chemical addiction will likely lead to recidivism of criminal activity. The trial judge did, however, note his willingness to modify Appellant's classification status, by stating:
 I frankly believe that if the Defendant would undergo treatment for the alcohol that he may very well be able to show that he is no longer a risk, but his history of treatment and his history of manipulation including his repeated instances of threatening suicide in order to manipulate other people and some mental health issues that are made worse by this alcohol abuse, and continued alcohol abuse, do result in the Court finding that the defendant is a person who is likely to engage in the future in one or more sexually oriented offenses given his current status of his illness with respect to alcoholism.
Transcript, p. 82.
 After examining the record and the relevant factors contained in R.C. 2950.09(B)(2), we conclude that there was sufficient evidence for the trial court to determine, by a clear and convincing standard, that Appellant is a sexual predator.
Accordingly, Appellant's second assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.